IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODRIGO V., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-2325-BN |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rodrigo V. seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is affirmed.

**Background**

Plaintiff alleges that he is disabled due to a variety of ailments, including pain and weakness of his right upper extremity, low back pain, numbness in his right leg, depression, and side effects of pain medication. After his application for disability insurance benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on February 11, 2016. *See* Dkt. No. 13 (Administrative Record ["AR"] at 37-62). At the time of the hearing, Plaintiff was 55 years old. He has a marginal education (sixth grade education in Mexico) and has past work experience as a construction equipment mechanic. Plaintiff has not engaged in substantial gainful activity since April 18, 2014.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability benefits. Although the medical evidence established that Plaintiff suffered from osteoarthritis of the right shoulder, status post remote right acromioplasty and resection of the distal clavicle, degenerative disc disease of the lumbar spine, obesity, diabetes, hypertension, depressive disorder, and somatic symptom disorder, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity to perform a limited range of medium work but could not return to his past relevant employment. Relying on a vocational expert's testimony, the ALJ found that Plaintiff was capable of working as a photocopy machine operator, cafeteria attendant, housekeeper, dishwasher, porter, and cleaner – jobs that exist in significant numbers in the national economy.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

In a single ground for relief, Plaintiff contends that the residual functional capacity ("RFC") finding is not supported by substantial evidence and results from reversible error.

The Court determines that the hearing decision should be affirmed in all respects.

**Legal Standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence.

*See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

**Analysis**

Plaintiff contends that the ALJ's RFC finding is not supported by substantial evidence because the ALJ failed to consider all limitations relating to his impairments or to incorporate those limitations into the RFC.

When determining a claimant's RFC, the ALJ will consider the limiting effects of all of the claimant's impairments, even those that are not severe. *See* 20 C.F.R. § 404.1545(e). The RFC is an assessment, based on all of the relevant evidence, of a claimant's ability to do work on a sustained basis in an ordinary work setting despite

his impairments. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a); *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001). The RFC refers to the most that a claimant is able to do despite his physical and mental limitations. *See* 20 C.F.R. §§ 404.1545(a); 416.945(a). The RFC is considered by the ALJ, along with the claimant's age, education, and work experience, in determining whether a claimant can work. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

The ALJ found that Plaintiff had the severe impairments of osteoarthritis of the right shoulder, status post remote right acromioplasty and resection of the distal clavicle, degenerative disc disease of the lumbar spine, obesity, diabetes, hypertension, depressive disorder, and somatic symptom disorder. *See* AR at 24.

The ALJ then found that Plaintiff retained the ability to perform medium work except he is limited to overhead lifting occasionally with the right dominant upper extremity and he should not operate or be around moving or dangerous equipment. The ALJ also found that Plaintiff is able to understand, remember and carry out simple instructions, make decisions, concentrate for extended periods on simple repetitive tasks, respond appropriately to changes in a routine work setting, and accept instructions. *See id.* at 27. Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighting up to 25 pounds. A full range of medium work requires standing or walking, off and on, for a total of approximately six hours in an eight-hour workday in order to meet the requirements of frequent lifting

or carrying objects weighing up to 25 pounds. *See* 20 C.F.R. § 404.1567(c); SSR 83-10, 1983 WL 31241, at *6 (Jan. 31, 1983).

Plaintiff argues that the record demonstrates his impairments are significantly more limiting than accounted for by the ALJ and that his limitations restrict his lifting, carrying, sitting, standing, walking, and reaching to such an extent that he is unable to perform medium work on a sustained basis.

Plaintiff asserts that, although the ALJ acknowledged his severe right shoulder impairment, lower back impairment, and obesity, *see* AR at 24, the ALJ failed to properly consider and disregarded Plaintiff's limitations due to his physical conditions and medical evidence that supports Plaintiff's claims to suffer from continued shoulder limitations, degenerative joint disease, degenerative disc disease of the lumbar spine, and obesity and that the ALJ fails to consider the combined effect of those conditions on Plaintiff's functional capacity. *See* Dkt. No. 16 at 5 (citing numerous AR records).

Plaintiff testified to difficulty lifting more than five pounds, reaching, pushing, sitting, standing, and walking for long periods due to hand pain, back pain, and radiating leg pain. *See* AR at 47-52. He testified that he can stand for ten minutes at a time; that then he must rest without sitting for about fifteen minutes; and that he can sit for about five minutes at a time. *See id.* at 51. He also testified to dropping things and difficulty with buttons and zippers because of weakness in his right hand. *See id.* at 2.

Plaintiff also reported difficulty performing personal care such as getting dressed and grooming, inability to carry heavy plates, difficulty rising from a seated position, impaired ability to drive due to arm weakness and back pain, and needing assistance with daily activities. *See id.* at 196, 198, 206, 213, 220, 223 (Function and Disability Reports dated July 21, 2014; October 16, 2014; October 21, 2014; and November 10, 2014).

Plaintiff underwent right shoulder surgery on April 19, 2012, due to a work-related injury. *See id.* at 270-82, 296, 311-12, 349, 1005-07. Plaintiff reported pain and limitation in range of motion following surgery. *See id.* at 256-57, 260, 262, 265, 268, 318-20, 322, 326-29, 330, 332-34, 337, 340-41, 358, 840-77.

On August 15, 2012, Plaintiff was restricted from lifting or carrying objects weighing more than ten pounds for more than four hours per day with his right arm and was completely restricted from pushing, pulling, and reaching. *See id.* at 356

On September 4, 2012, Plaintiff's right shoulder impairment was noted as stable, but he continued experiencing right shoulder pain and limited range of motion following surgery, and positive impingement signs. *See id.* at 253-55, 314-16, 375-76. Plaintiff also reported difficulties lifting, walking, and performing work-related activities due to pain. *See id.* at 253-54. Plaintiff was restricted from lifting or carrying objects weighing more than ten pounds for more than four hours per day with his right arm and was completely restricted from reaching and overhead reaching. *See id.* at 378.

On October 22, 2012, Plaintiff continued reporting right shoulder pain, aggravated with forward flexion and abduction, and examination revealed reduced range of motion and strength, positive Hawkin's and Neer signs, and positive Apply's test. *See id.* at 373.

On July 17, 2014, Plaintiff continued exhibiting lower back tenderness and spasms and was assessed with low back pain. *See id.* at 442. An x-ray showed "mild height loss (10 to 20 %) of the L5 vertebral body, consistent with compression fracture of uncertain acuity ... Likely facet arthrosis at L5 and S1." *Id.* at 404.

On August 28, 2014, consultative examining psychiatrist Gerald Stephenson – who Plaintiff acknowledges is not a specialist or expert on physical impairments – noted that Plaintiff may have physical limitations that will prevent him from performing work-related tasks in a timely manner. *See id.* at 387; Dkt. No. 16 at 6.

On September 2, 2014, an x-ray did not have any abnormal findings for Plaintiff's lumbar spine. *See* AR at 404. MRI findings were mild height loss at L5, likely related to chronic compression fracture or normal variant, and disc dessication at L4-L5 and L5-S1 with mild degenerative end plate changes. *See id.* at 410. Right shoulder x-rays showed status post remote acromioplasty and resection of the distal clavicle, mild degenerative hypertrophy at the right glenohumeral joint, and mild distal calcific rotator cuff tendinitis. *See id.* at 389.

Also on September 2, 2014, consultative examining physician Mahmood Panjwani, M.D., P.A., noted that Plaintiff reported chronic low back pain with radicular

symptoms in the right lower leg and chronic right shoulder pain status post surgery for a rotator cuff tear. *See id.* at 393. Plaintiff also reported difficulty sitting, standing, walking, or lying down for more than ten to fifteen minutes and that he had to keep shifting positions to get comfortable. And Plaintiff reported difficulty with pushing, pulling, bending, stooping and squatting. *See id.* Physical examination revealed discomfort with flexing his right hip, inability to bend down fully, right shoulder reduced range of motion, shoulder pain and discomfort with movement, and Dr. Panjwani's impression was that Plaintiff had chronic low back pain with radicular symptoms in the right lower leg and chronic right shoulder pain status post surgery for a rotator cuff tear. *See id.* at 395-96, 399.

On September 18, 2014, Plaintiff reported severe back pain and he was diagnosed with a compression fracture of the L5 lumbar vertebra sequela and low back pain. *See id.* at 415, 417.

On November 18, 2014 and December 3, 2014, Plaintiff was diagnosed with degeneration of the lumbar or lumbosacral intervertebral disc, displacement or lumbar intervertebral disc without myelopathy, and thoracic or lumbosacral neuritis or radiculitis, unspecified. *See id.* at 770, 780. Plaintiff reported difficulty with sitting or standing for prolonged times or walking for prolonged distances. *See id.* at 771.

On September 28, 2015, Plaintiff was diagnosed with chronic low back pain, spondylosis of the lumbar region without myelopathy or radiculopathy, myofascial pain, a compression fracture of the L5 lumbar vertebra, and diabetes mellitus. *See id.* at 821.

Plaintiff reported continued low back pain and right lower extremity pain. On examination, Plaintiff exhibited tenderness, positive facet loading pain on the right, positive FABER test on the right, and limited right upper extremity range of motion at the shoulder. *See id.* at 823, 825.

The ALJ noted that there was no objective medical evidence to support Plaintiff's subjective complaints. *See id.* at 27-30; *see also Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989) (holding subjective complaints must be corroborated, at least in part, by objective evidence).

The ALJ noted Plaintiff's history of a 2012 injury and subsequent surgery on his right shoulder. *See* AR at 28, 397, 771. The ALJ further noted that examinations revealed decreased range of motion in Plaintiff's right shoulder but that an x-ray performed in 2014 revealed only mild degenerative hypertrophy and mild distal calcific rotator cuff tendinitis. *See id.* at 28, 389. A September 2015 examination revealed right shoulder abduction was 120/150 degrees, but, as the ALJ noted, there was no evidence that Plaintiff sought further treatment for this allegedly disabling shoulder injury. *See id.* at 28, 825); *see also Fraga v. Bowen*, 810 F.2d 1296, 1303 (5th Cir. 1987) (holding that the frequency of treatment may be properly considered in evaluating the severity of alleged pain).

The ALJ also noted that physical examination findings revealed that Plaintiff generally retained full range of motion, normal strength, normal sensation, normal gait, the ability to ambulate without an assistive device, negative straight let raise testing,

and were generally unremarkable. *See* AR at 29, 396, 417, 772, 822, 825. And Plaintiff described his pain level as a four on a scale of one to ten repeatedly, denied numbness and tingling, denied tenderness, and reported only occasional paresthesia in the right leg with prolonged standing. *See id.* at 28-29, 402, 471, 771, 833.

Additionally, Plaintiff's diagnostic tests during the relevant period revealed minimal findings. An August 2014 MRI of Plaintiff's lumbar spine revealed mild height loss and mild degenerative changes without spinal cord stenosis. *See id.* at 28, 401. Imaging studies did not reflect findings of nerve compression or impingement and there was no electromyography/nerve conduction studies in the record to confirm the presence of radiculopathy. *See id.* at 29. And a September 2014 lumbosacral x-ray was normal. *See id.* at 389.

The evidence also consistently showed that Plaintiff received only conservative treatment. Plaintiff was treated with nonsteroidal anti-inflammatory pain medication and muscle relaxers, over-the-counter topical creams, physical therapy, home exercising, and back stretching. *See id.* 29, 417, 433, 779, 822. Plaintiff reported that his symptoms of back pain were helped with physical therapy and stationary cycling. *See id.* at 29, 822). An impairment controlled by conservative treatment is not disabling. *See Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986).

The ALJ noted that Plaintiff's allegations were greater than expected given the objective evidence in the record. *See* AR at 29. The ALJ noted there was no evidence of neurological deficits and no evidence of nerve impingement or compression indicative

of severe and disabling pain. *See id.* The ALJ further noted that Plaintiff consistently exhibited a normal gait, suggesting the absence of pain. *See id.* at 29-30. The ALJ noted that Plaintiff did not use an assistive device at the hearing and that there is no evidence in the record that he was ever prescribed an assistive device. *See id.* at 30. And the ALJ noted that no physician opined that Plaintiff was "disabled" or specified limitations. *See id.*; *see also Vaughan v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995) (holding that determination of non-disability is supported when no physician of record stated the claimant was disabled).

The RFC determination is the sole responsibility of the ALJ, *see Taylor v. Astrue,* 706 F.3d 600, 602-03 (5th Cir. 2012), and the ALJ is not required to incorporate limitations in the RFC that she did not find to be supported by the record, *see Richardson v. Perales*, 402 U.S. 389, 390 (1971) (citing *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991).

The Court finds that the ALJ properly considered the evidence and concludes that substantial evidence supports the ALJ's RFC finding. "The record indicates that the ALJ used the medical information provided by [Vigil] to determine [his] residual functional capacity for work," *Taylor*, 706 F.3d at 602, and considered all of the objective and subjective evidence of record. As the Commissioner notes, although Plaintiff may not agree with her decision, under the regulations and Fifth Circuit case law, that does not warrant reversal.

## Conclusion

The hearing decision is affirmed in all respects.

DATED: March 11, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE